# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2238

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Abdul-Mumit Muhammad, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 24, 2009
Filed: April 29, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Abdul-Mumit Muhammad appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4246, and we affirm.

Section 4246 provides for the hospitalization of a federal prisoner due for release but who has been found--after a hearing, by clear and convincing evidence--to

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See 18 U.S.C. § 4246. In this case, the district court found that commitment was appropriate because state placement was unavailable and the mental health professionals who had examined Muhammad unanimously believed that his chronic mental illness and related behavior, his sporadic compliance with medication, and his history of responding to command hallucinations to harm himself, would create a risk of dangerousness within the meaning of section 4246 if Muhammad were unconditionally released. We hold that this finding is not clearly erroneous. See United States v. Williams, 299 F.3d 673, 676-77 (8th Cir. 2002) (standard of review). We also find no grounds for reversal based on Muhammad's newly raised arguments concerning the admission of psychiatric reports, the selection of an independent evaluator, and counsel's assistance. See 18 U.S.C. §§ 4246(b), 4247(b); United States v. Jones, 275 F.3d 673, 681 (8th Cir. 2001) (where specific grounds for objection to evidence were not made at trial, evidentiary ruling is reviewed for plain error; appellate court will not reverse absent prejudice to substantial rights and miscarriage of justice).

We note that Muhammad's custodians are under an ongoing obligation to prepare annual reports concerning his mental condition and the need for his continued hospitalization, see 18 U.S.C. § 4247(e)(1)(B), and to exert reasonable efforts to place him in a suitable state facility, see 18 U.S.C. § 4246(d).

The judgment of the district court is affirmed, and Muhammad's motion for a psychiatric evaluation is denied, without prejudice to his ability to pursue remedies as appropriate under any provisions of 18 U.S.C. §§ 4246 and 4247.

_____